Thomas L. BULLOCK, Appellant,

v.

Paul HANCE and Travelers Indemnity Insurance Company, Appellee.

Court of Appeals of Kentucky.

Nov. 18, 1977.

Rehearing Denied Jan. 13, 1978.

Discretionary Review Denied
April 25, 1978.

Dwight Preston Lewis, Bland & Preston, Elizabethtown, for appellant.

David L. VanZant, Huddleston, VanZant & Coyle, Elizabethtown, for appellee.

Before HOWERTON, GANT and WHITE, JJ.

HOWERTON, Judge.

This action was originally commenced in 1969, as a result of an automobile accident which occurred on February 5, 1969, in Hardin County, Kentucky. Appellant brought this action against Paul G. Hance and ultimately obtained a judgment against Hance in the amount of $5,802.24. Hance was insured by Wabash Fire and Casualty Company of Indianapolis, Indiana. In August 1970, approximately seventeen months after the accident, Wabash was adjudged and declared "insolvent" by an Indiana court upon a petition filed by the Indiana Department of Insurance.

In June 1971, appellant moved the trial court to amend his complaint to join the appellee, Travelers Indemnity Insurance Company, as a party defendant. Appellant had a policy of insurance with Travelers that covered him for damages up to $10,-000.00 caused by a negligent, uninsured motorist.

The "uninsured motorist" provision of appellant's insurance policy with the appellee was based, in part, on the provisions of KRS 304.20–020(3). KRS 304.20–020(3) reads as follows:

> Protection against an insurer's insolvency shall be applicable only to accidents occurring during a policy period in which the insured's uninsured motorist coverage is in effect where the liability insurer of the tortfeasor becomes insolvent within one (1) year after such an accident.

The appellee filed a motion for summary judgment on the basis that Wabash was not declared insolvent within one year after the date of the accident. The circuit court granted the motion, and appellant appeals from the summary judgment.

The sole issue on this appeal is whether or not a material issue of fact exists as to when Wabash became insolvent.

 Appellee argues that "insolvent", as used in KRS 304.20–020(3) and as used in the policy, means a specific legal status as determined by competent authority. We agree that such a determination is necessary. Appellee further argues that the Kentucky court must give full faith and credit to the Indiana decision which determined that Wabash was in fact "insolvent" as of the date the proceedings were brought against Wabash in Indiana by the Indiana Department of Insurance. This, too, is a correct premise. Since such a determination has been made, appellee argues that there is no question of fact to be considered at a trial. This, however, is not the proper conclusion. The fact that Wabash was found to be "insolvent" as of the date the insolvency proceeding was filed does not mean that the company was not in fact insolvent sometime prior to that date.

Appellee attempts to support the summary judgment by citing KRS 304.36–050(4) for a definition of an "insolvent insurer". The definition reads as follows:

"Insolvent insurer" means (a) an insurer licensed to transact insurance in this state either at the time the policy was issued, or when the insured event occurred, and (b) against whom a final order of liquidation, with a finding of insolvency, has been entered by a court of competent jurisdiction in the company's state of domicile after June 16, 1972, and (c) with respect to which no order, decree, or finding relating to the solvency of the insurer, whether preliminary or temporary in nature, or otherwise, has been issued by a court of competent jurisdiction or by any insurance commissioner, insurance department, or similar official or body before June 16, 1972, or which

was in fact insolvent before June 16, 1972, and such de facto insolvency was known by the chief insurance regulatory official of the state of its domicile. KRS 304.36–050(4).

We note that this statutory definition was enacted in 1972 for Subtitle 36, establishing the "Kentucky Insurance Guaranty Association". The association was created to guarantee the payment of funds for covered claims under certain insurance policies, to avoid excessive delay in payment, and to avoid financial loss to claimants or policy holders because of the insolvency of an insurer. The legislators apparently found a need to statutorily define "insolvent insurers" for the purpose of protecting the members of the association. Subtitle 20, on the other hand, relates to "Casualty Insurance Contracts". The legislature has obviously found no need to alter the generally accepted meaning of "insolvent" as it relates to such contracts.

 We therefore cannot agree with appellee's arguments, and even if we did accept the definition of "insolvent insurer" as set forth in KRS 304.36–050(4), we note that as to situations occurring before June 16, 1972, a court determination would not be required and the fact of insolvency could merely be known by the chief insurance regulatory official of the state of the company's domicile.

 Generally speaking, "insolvency" is "the inability of one to pay his debts as they become due in the ordinary course of his business . . ." 42 Am.Jur.2d, *Insolvency* § 1; see also *Black's Law Dictionary*, p. 937 (1968); KRS 355.1–201(23); *Greater Louisville Auto Auction v. Ogle Buick, Inc.*, Ky., 387 S.W.2d 17 (1965), and *Oscar C. Wright Company v. Steenman*, 254 Ky. 381, 71 S.W.2d 991 (1934). We see no reason to give the word "insolvent" in KRS 304.20–020(3), or as the word is used in the policy, any meaning other than as above stated. Surely, had the writers of the statute in Subtitle 20 intended that a separate, formal, judicial determination of insolvency be required by the state of the insurer's domi-

cile, they would have said as much. Such a requirement could create a very unfair problem for a claimant. An insolvency suit is to determine that the defendant is insolvent at the time of the action, and it would not necessarily determine that the defendant was in fact insolvent at some particular time prior to the commencement of the action. Also, any delay by a state's insurance department in initiating such litigation could be very harmful to a claimant.

We realize that to resolve questions of insolvency of a foreign insurer in domestic courts can create real problems as to proof. However, to uphold the summary judgment would tend to defeat the purposes of uninsured motorist coverage. In this case, the claim was not liquidated for several years after the accident. No claim could have been enforced against Wabash until long after is was "out of business," although if appellant's claim had been processed within one year, it might or might not have been collectible.

It was the legislature that allowed the one year limitation. It will also have to be the legislature that establishes any restrictive definition of "insolvency". If the problem is considered by the General Assembly, it may wish to look not only at the problems of determining the time and fact of "insolvency," but also look at the problems created by a one year limitation.

We conclude that a genuine issue of fact does exist in this action and that the summary judgment was improperly granted. Appellant is entitled to his day in court to prove, if he can, that Wabash was in fact "insolvent" within one year after the date of the accident. If the appellant can show that the tort-feasor's insurance company was insolvent within one year after the accident, we believe that the purpose of the statute will be served if appellant is allowed to collect under his own "uninsured motorist" coverage from the appellee.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

All concur.