George PANOS, Bessie Panos, and Tom Panos b/n/f George Panos, Plaintiffs,

v.

Frank PERCHEZ, Jr., Defendant.

George PANOS, Bessie Panos, and Tom Panos b/n/f George Panos, Plaintiffs–Appellees,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Intervenor/Defendant–Appellant.

No. 37A03–8811–CV–346.

Court of Appeals of Indiana, Third District.

Dec. 4, 1989.

David J. Hanson and Paul B. Poracky, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for appellant.

Rudolph Tanasijevich, Hammond, for appellees.

GARRARD, Presiding Judge.

State Farm Mutual Automobile Insurance Company (State Farm), intervenor/de-

fendant, appeals from the judgment of the Jasper Superior Court denying its motion for relief from judgment or its alternative motion for an order that it not be bound by the entry of a default judgment.

State Farm presents for our consideration four issues which we restate as follows:

1. Whether a party who intervenes after entry of a default judgment is bound by that judgment.

2. Whether the trial court erred in denying State Farm's motion to set aside the Panoses' default judgment against Perchez, an uninsured motorist.

3. Whether an insured's failure to amend his complaint and bring a claim against his insurer for uninsured motorist coverage before the period of limitations for actions for personal injury has expired acts as a bar to any contractual claim.

4. Whether the default judgment must be set aside because plaintiffs' attorney also represented the insurer's subrogation interest and continued to represent plaintiffs to oppose State Farm's motion to set aside the default judgment after State Farm's and the plaintiffs' interests were in conflict.

We Affirm.

### Facts and Procedural History

Bessie Panos and her son Tom were involved in an automobile accident with Frank Perchez, Jr. on October 11, 1982. Bessie and Tom sustained personal injury, and Bessie's husband, George Panos, sustained property damage, medical expenses and loss of consortium. The Panoses filed a complaint against Perchez in Lake County Superior Court on March 26, 1984 alleging negligence or willful, wanton, intentional and unlawful misconduct in operating a motor vehicle and seeking damages. The Panoses filed their motion for default judgment, and after a hearing at which evidence was presented, default judgment for the Panoses was entered on March 20, 1985. The Panoses were awarded $80,000.

At the time of the accident, Perchez was insured by Heritage Insurance Company of America. Heritage retained counsel and on April 19, 1985, moved to dismiss or in the alternative, to set aside the judgment. Its motion was denied, as was its motion to correct errors. On February 26, 1986, a Cook County, Illinois court declared Heritage insolvent. The Panoses then made a demand on State Farm under their uninsured motorist coverage on February 28, 1986. State Farm first learned of Heritage's insolvency in that letter. On November 6, 1986, State Farm filed a motion for intervention and a motion for relief from judgment or in the alternative, for an order that State Farm was not bound by the judgment. The Lake County Superior Court granted State Farm's motion to intervene and ordered the matter venued to the Jasper County Superior Court. On July 9, 1988, the court issued an order denying the motion to set aside the default judgment. On August 2, 1988, in response to State Farm's motion for a more specific finding, the trial court entered an order that State Farm be bound by the default judgment. State Farm's motion to correct errors was denied.

### Discussion and Decision

■ We first consider State Farm's alternative contention that it should not be bound by the default judgment because it was neither party nor privy to the proceedings. Ordinarily this contention would be true. *Indiana Insurance Company v. Noble* (1970), 148 Ind.App. 297, 319, 265 N.E.2d 419, 433; Note, *Insurer Intervention in Uninsured Motorist Cases*, 55 Ind. L.J. 717, 721 (1980). State Farm, however, intervened after judgment was entered. An intervenor is treated as if he were an original party and has equal standing with the original parties. *Marcaida v. Rascoe* (5th Cir.1978), 569 F.2d 828, 831; *Petition of Geisser* (5th Cir.1977), 554 F.2d 698, 705, n. 6. An intervenor is not permitted to relitigate matters already determined in the case, *Arizona v. California* (1983), 460 U.S. 605, 616, 103 S.Ct. 1382, 1389, 75 L.Ed.2d 318, 331; *Yankton Sioux Tribe of Indians v. Nelson* (1985), 604 F.Supp. 1146, 1155, *rev'd. on other grounds* 796 F.2d

241; *Southport Board of Zoning Appeals v. Southside Ready Mix Concrete, Inc.* (1961), 242 Ind. 133, 141, 176 N.E.2d 112, 116. We hold that the intervention of a party after judgment binds the intervenor to all prior orders and judgments in the case. The trial court was, therefore, correct in refusing to declare that State Farm was not bound by the default judgment.

State Farm is not precluded from litigating other issues or claims not already determined by the trial court. Indeed, TR 24(C) expressly recognizes the right of a party to intervene after judgment for the purposes of presenting a motion under Trial Rules 50, 59 or 60 or to take an appeal. Therefore, it could properly move for relief from judgment.[1] State Farm contends that the default judgment and damages award was not supported by the evidence and was excessive, and that, therefore, the default judgment should be set aside. To set aside a judgment the court must satisfy one of the reasons in Indiana Rules of Procedure, Trial Rule 60(B). State Farm's contentions attempt to satisfy the alternative in TR 60(B)(2):

> (2) any ground for a motion to correct error ... which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59.

Among the grounds for a motion to correct errors are that damages are excessive or that the decision is not supported by the evidence. TR 59(A) (1981) amended effective January 1, 1989, February 16, 1989. TR 60(B) further provides that a motion for relief from judgment shall be filed within one year after judgment when it is for reasons under TR 60(B)(2).

The default judgment was entered March 20, 1985, and State Farm first moved for relief from judgment on November 6, 1986. State Farm as intervenor is treated as if it were an original party and is therefore bound by the same time limitations as the original parties. Its motion is time barred, and we need not consider the substantive issues of whether the judgment was supported by the evidence or whether damages were excessive. Moreover, where the allegations for relief state grounds that fit within one of the reasons to which the one-year time limitation applies, the grounds do not fit under the "catch-all" provision of TR 60(B)(8). *H & A, Inc. v. Gilmore* (1977), 172 Ind.App. 10, 12, 359 N.E.2d 259, 261.[2] The trial court did not err in denying aside State Farm's motion for relief from judgment.

State Farm also contends that the Panoses are barred from claiming uninsured motorist benefits from State Farm because they failed to bring their claim within the two-year period of limitations required by IC 34–1–2–2(1) (personal injuries). The duty of an insurer to pay damages arises out of its contract with its insured. *American States Insurance Co. v. Williams* (1972), 151 Ind.App. 99, 105, 278 N.E.2d 295, 301. State Farm's liability, or non-liability, arises because it has contracted to pay the Panoses' damages in the event an uninsured motorist negligently injured them. It is therefore a contract action for which there is a ten-year statute of limitations.[3] IC 34–1–2–2(6). To be sure, the Panoses must file their claim for personal injuries within two years. They have done so, and the judgment was in their favor. All that remains to be decided is whether the contract of insurance covers

---

**1.** State Farm may also contest whether it is liable on the insurance contract. IC 27–7–5–4(c) provides that an insurer's insolvency protection applies only to accidents where the liability insurer of the tortfeasor becomes insolvent within two years after the accident. Heritage was declared insolvent in February, 1986, more than three years after the accident (October, 1982). Uninsured motorist coverage may include more favorable insolvency protection. IC 27–7–5–4; 1 Widiss, *Uninsured and Underinsured Motorist Insurance*, § 8.17, 284 (1985). Moreover, insolvency may have occurred at a date before the Cook County court's determination. *Bullock v. Hance* (Ky.App.1977), 563

S.W.2d 729, 731; 1 Widiss, *supra* at 285–86. These issues may be properly raised by either the Panoses or State Farm in the trial court. *See* IC 34–1–2–2(6).

**2.** The allegations also do not fit within TR 60(B)(5) as State Farm contends because State Farm has not proven that at the time of the action it was an infant or an incompetent person.

**3.** No evidence was presented that the parties contracted for a shorter period.

them, an issue we leave to be decided at the trial level, if necessary.

██ Finally, State Farm contends that the Panoses' attorney, Rudolph Tanasijevich, was in violation of the Code of Professional Responsibility. Prior to filing the Panoses' complaint, Tanasijevich agreed to represent State Farm's subrogation interest. When the Panoses made a claim for benefits under the uninsured motorist provisions of their policy, Tanasijevich's representation of both State Farm's subrogation claim and the Panoses created a conflict of interest under Disciplinary Rules 5–105.[4] State Farm contends that on this basis, the default judgment should be reversed and a new trial ordered, and an order directing Tanasijevich to withdraw from representing either client should be entered. We disagree.[5]

At the time the default judgment was entered, there did not appear to be a conflict of interest, and even if there had been, on the facts before us, such a conflict did not prejudice any of the parties to the proceeding. Any prejudice resulted from events subsequent to the judgment and not by Tanasijevich's representation. The fact that Tanasijevich represented both parties also did not prejudice State Farm in the trial court's determination not to set aside the judgment. State Farm had new counsel to represent it in filing motions to intervene and for relief from judgment.

The propriety of Tanasijevich continuing to represent any party in these proceedings is not a matter for this forum.

The order of the trial court is affirmed.

HOFFMAN and MILLER, JJ., concur.

**4.** "(B) A lawyer shall not continue multiple employment if the
 exercise of his independent professional judgment in behalf of a client ... is likely to be adversely affected by his representation of another client...."
*See also* Rules of Professional Conduct 1.7, effective January 1, 1987.

**5.** In its motion to correct errors, State Farm did not address the issue of Tanasijevich's representation. They have technically waived that argument on appeal. *Deetz v. McGowan* (1980), Ind.App., 403 N.E.2d 1160, 1163.