**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** Appellant–Intervenor,

v.

**Helen V. HUGHES and Garland Hughes, Appellees–Plaintiffs.**

No. 45A03–0309–CV–370.

Court of Appeals of Indiana.

May 7, 2004.

Garrett V. Conover, Kopka, Pinkus & Dolin, P.C., Crown Point, IN, Attorney for Appellant.

David J. Brandewie, Brandewie & Koprcina, P.C., Merrillville, IN, Attorney for Appellee.

**OPINION**

DARDEN, Judge.

### STATEMENT OF THE CASE

State Farm Mutual Automobile Insurance Company appeals the denial of its motion to set aside a default judgment entered against Tiashonta Thomas in a negligence action filed by Helen and Garland Hughes.

We reverse.

### ISSUE [1]

Whether the trial court erred in denying State Farm's motion to set aside the default judgment against Thomas.

### FACTS

On September 2, 1999, Helen and Garland Hughes were involved in a four-vehicle accident with Tiashonta Thomas, Jessica Randolph and Amy Jeffries. On August 23, 2001, the Hugheses filed a negligence action against the three other drivers. The Hugheses did not name their insurer State Farm as a party. On September 14, 2001, the Hugheses filed a motion for default judgment against Thomas, an uninsured defendant.

On January 2, 2002, the Hugheses' attorney sent a letter to State Farm advising the insurance company that Mrs. Hughes had been injured in an automobile accident and that Thomas, one of the negligent parties, was uninsured. Counsel enclosed a copy of the complaint and advised State Farm that Mrs. Hughes was making an uninsured motorist claim. However, the Hugheses' attorney did not advise State Farm that the Hugheses had already filed a default judgment motion against Thomas.

---

1. In January 2004, the Hugheses filed a motion to dismiss the appeal. The motion was denied; however, whether attorney fees should be assessed against the Hugheses, the appellees in this case, remains. We find that such an assessment is not appropriate.

On March 1, 2002, State Farm filed a motion to intervene in the Hugheses' lawsuit. In the motion, State Farm alleged that 1) it was the insurance carrier for the Hugheses; 2) the Hugheses' policy included uninsured motorist coverage; 3) State Farm had reason to believe that Thomas was an uninsured motorist at the time of the accident; 4) its initial investigation revealed that Thomas was not liable; and 5) it wished to be involved in the litigation so as to not waive any rights the company might have with regard to providing uninsured motorist coverage to the Hugheses with regard to the fault of Thomas. Counsel for State Farm also sent a separate letter to the Hugheses' counsel advising counsel that State Farm had filed the motion to intervene. In the letter, State Farm asked to be involved in the remainder of the litigation and asked the Hugheses to supply them with discovery that had been exchanged between the parties. State Farm also asked the Hugheses to advise the company of any upcoming court or deposition dates. State Farm re-iterated its desire to intervene and to remain involved in the remainder of the litigation in an April 1, 2002, letter to the Hugheses' counsel.

The trial court scheduled a hearing on State Farm's motion to intervene for April 12, 2002. The motion was scheduled to be heard with another pending motion. The Hugheses requested an enlargement of time to respond to the other motion, and the trial court rescheduled the hearing to June 14, 2002. When the Hugheses requested an additional enlargement of time to respond to the other motion, State Farm asked the trial court to go forward as scheduled with the June 14 hearing on its motion to intervene. The trial court granted State Farm's request.

On May 24, 2002, the trial court held a status conference on the case. However, neither the Hugheses nor the court advised State Farm of the conference, and State Farm did not attend. At the conference, pursuant to the Hugheses' motion filed on September 14, 2001, the court entered a default judgment on the issue of liability against Thomas. After receiving notice of the default judgment, State Farm filed an objection to the judgment and a request for clarification. In the objection, State Farm asked the court to allow State Farm to intervene in the action and argue Thomas' lack of liability.

One week later, on May 31, 2002, the Hugheses filed an objection to State Farm's motion to intervene. In the response, the Hugheses alleged that State Farm was not their insurance carrier. The Hugheses further pointed out that although State Farm claimed to have issued an uninsured motorist policy to the Hugheses, there was no policy attached to the motion. On June 14, 2002, State Farm responded by filing a motion to amend its motion to intervene with a copy of the Hugheses' insurance policy attached to the motion.

Also on June 14, the Hugheses failed to appear in court for the hearing on State Farm's motion to intervene. The trial court rescheduled the hearing for October 11, 2002. Following the hearing, on October 18, 2002, the trial court granted State Farm's motion to intervene. In its order, the court also found that State Farm's "suggestion that the default entered against Defendant Thomas be also set aside is not well taken and the default against Defendant Thomas is affirmed." Appellant's Appendix, p. 55. On May 27, 2003, State Farm filed a motion for relief from judgment asking the trial court to set aside the default judgment. The trial court denied the motion and State Farm appeals.

## DECISION

At the outset we note that the Hugheses are correct that an intervenor "takes the case as he finds it," *Sexton v. Johnson Suburban Utilities, Inc.*, 422 N.E.2d 1293, 1297 (Ind.Ct.App.1981), and is not permitted to litigate matters already determined in the case. *Panos v. Perchez*, 546 N.E.2d 1253, 1254 (Ind.Ct.App.1989). However, an intervenor is not precluded from litigating other issues or claims not already determined by the trial court. *Id.* at 1255. For example, Trial Rule 24(C) expressly recognizes the right of a party to intervene after judgment for the purposes of presenting a motion under Trial Rule 60. *Id.* State Farm could therefore properly move for relief from judgment in this case. *See id.*

We now turn to the merits of State Farm's claim. Indiana Trial Rule 60(B) provides in pertinent part as follows:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
>
> * * * * *
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . . .

Upon appellate review of a refusal to set aside a default judgment, the trial court's ruling is entitled to deference and will be reviewed for abuse of discretion. *Allstate Insurance Company v. Watson*, 747 N.E.2d 545, 546 (Ind.2001). The trial court should use its discretion to do what is "just" in light of the unique facts of each case. *Id.* However, such discretion should be exercised in light of the disfavor in which default judgments are held. *Id.*

A default judgment is an extreme remedy and is available only where a party fails to defend or prosecute a suit. *Id.* It is not a trap to be set by counsel to catch unsuspecting litigants. *Id. See also State v. Van Keppel*, 583 N.E.2d 161, 162 (Ind.Ct.App. 1991) (stating Indiana law strongly prefers the disposition of cases on their merits).

Here, State Farm contends that the Hugheses' failure to advise it that they had filed the default judgment motion against Thomas in conjunction with the Hugheses' actions that delayed State Farm's intervention until after the Hugheses had perfected their default judgment against Thomas constituted misconduct warranting relief from the default judgment. We agree.

*Smith v. Johnston*, 711 N.E.2d 1259 (Ind.1999), *Fire Insurance Exchange v. Bell*, 643 N.E.2d 310 (Ind.1994), and *Allstate*, 747 N.E.2d at 545, are all instructive. In *Smith*, our supreme court set aside a default judgment where the plaintiff's attorney obtained it without notifying counsel known to be representing the adverse party. Although the conduct of the plaintiff's attorney was in technical compliance with the Trial Rules, our supreme court found that the attorney's conduct was unacceptable under the Rules of Professional Conduct. *Id.* at 1264. The court emphasized "the overriding considerations of confidence in our judicial system and the interest of resolving disputes on their merits," *id.* at 1262–63, and declared:

> [L]awyers' duties are found not only in the specific rules of conduct and rules of procedure, but also in courtesy, common sense and the constraints of our judicial system. As an officer of the Court, every lawyer must avoid compromising the integrity of his or her own reputation and that of the legal process itself.

*Id.* at 1264. The court pointed out that Rule 8.4(d) of the Indiana Rules of Profes-

sional Conduct "explicitly states that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice," and concluded that the default judgment was obtained by such actions. *Id.*

In *Bell,* our supreme court explored the obligation of an attorney for truthfulness in the context of an alleged misrepresentation of insurance limits to opposing counsel and stated:

> The reliability and trustworthiness of attorney representations constitute an important component of the efficient administration of justice. A lawyer's representations have long been accorded a particular expectation of honesty and trustworthiness.

643 N.E.2d at 312. The court further declared that "[t]he law should promote lawyers' care in making statements that are accurate and trustworthy and should foster the reliance on such statements by others." *Id.* at 313.

In *Allstate,* after filing the complaint, the Watsons' attorney explicitly assured Allstate that he would not seek a default judgment while negotiations were pending and, should they break down, he would give adequate time for Allstate's counsel to respond. In a later letter, the Watsons' attorney presented a further settlement demand, declaring that it would remain open until March 31, 1999. Contrary to his representations, however, the attorney took a default judgment on March 19, 1999. Citing *Smith* and *Bell,* our supreme court found that Allstate had clearly established grounds that justified setting aside the default judgment pursuant to Trial Rule 60(B)(3).

Here, the Hugheses filed a negligence action against Thomas, an uninsured motorist in August 2001. In September 2001, the Hugheses filed a motion for default judgment against Thomas. In January 2002, the Hugheses advised their insurer, State Farm, about the accident and the lawsuit against Thomas. They also advised State Farm that Thomas was an uninsured motorist and that Mrs. Hughes was making an uninsured motorist claim. However, the Hugheses did not advise State Farm that they had filed the motion for default judgment against Thomas.

On March 1, 2002, State Farm filed a motion to intervene. Its motion stated that it did not want "to waive any right [it] might have with regard to providing uninsured motorist coverage ... to Plaintiffs, and specifically with regard to the fault of Ms. Thomas in connection with the accident." Appellant's App., p. 34. State Farm also sent two letters to the Hugheses' counsel asking to be involved in the remainder of the litigation and to be advised of any upcoming court dates. Despite State Farm's notice and request, and despite the fact that State Farm had a right to intervene in the action, *see Vernon Fire and Casualty Insurance Company v. Matney,* 170 Ind.App. 45, 351 N.E.2d 60 (1976), the Hugheses failed to advise State Farm of their pending motion for default judgment.

Further, although State Farm's motion to intervene was initially scheduled for April 12, 2002, the Hugheses' requests for continuances and failure to appear in court delayed the hearing an additional six months. During the delay caused by the Hugheses, they obtained their default judgment in a status hearing about which they failed to advise State Farm. State Farm has clearly established grounds, which justify setting aside the default judgment pursuant to Trial Rule 60(B)(3).

In addition to establishing grounds for relief under Trial Rule 60(B)(3), a party seeking to set aside a default judgment has to allege a meritorious claim or defense. *Hoosier Health Systems, Inc. v. St. Francis Hospital and*

*Health Centers,* 796 N.E.2d 383, 387 (Ind. Ct.App.2003). The Hugheses claim that State Farm's claim is fatally deficient in this regard. However, paragraph 6 of State Farm's motion to intervene states that State Farm's "initial investigation indicated that no liability rests with Ms. Thomas." Appellant's App. p. 34. In addition, paragraph 7 of the motion provides that State Farm wished "to be involved in this litigation so as not to waive any right they may have with regard to providing uninsured motorist coverage ... to [the Hugheses] and specifically coverage with regard to the fault of Ms. Thomas in connection with the accident." Appellant's App., p. 34. Further, paragraph 6 of State Farm's motion to set aside the default judgment provides that State Farm's motion to intervene indicates the company's wish to be involved in the litigation so not to prejudice any rights it might have under its insurance contract with the Hugheses. Appellant's Supplemental App., p. 47.

Where the purpose of the rule is satisfied, this court will not elevate form over substance. *Hoosier Health Systems,* 796 N.E.2d at 387. Although State Farm's motion did not explicitly incorporate the "meritorious claim or defense" language of T.R. 60(B), we are satisfied that paragraph 6 of the motion to set aside the default judgment read in conjunction with paragraphs 6 and 7 of the motion to intervene adequately advised the trial court, which had previously reviewed the pleadings, that State Farm had a meritorious defense. *See id.* (where the language in the plaintiff's motion to set aside the default judgment did not explicitly incorporate the "meritorious claim" language, language in the motion to reinstate adequately advised the court, which had previously reviewed the pleadings, that plaintiff had a meritorious defense).

[10] The Hugheses also argue that State Farm's motion to set aside the default judgment was not filed within a reasonable time as required by T.R. 60(B). We disagree.

Trial Rule 60(B) provides that a motion to set aside a default judgment shall be filed within a reasonable time for reason (3), and not more than one year after the judgment is entered. Relevant to the question of timeliness is prejudice to the party opposing the motion and the basis for the moving party's delay. *Standard Lumber Company of St. John, Inc. v. Josevski,* 706 N.E.2d 1092, 1096 (Ind.Ct. App.1999).

Here, the Hugheses have failed to allege prejudice and we find none. As soon as the Hugheses advised State Farm about the lawsuit and uninsured motorist claim, State Farm filed a motion to intervene and advised the Hugheses of its desire to stay involved in the remainder of the litigation so as not to waive any right it might have with regard to providing uninsured motorist coverage to the Hugheses with regard to Thomas' fault. Further, as soon as State Farm learned about the entry of the default judgment against Thomas, State Farm filed an objection to the judgment. State Farm's motion to set aside the default judgment, filed after the grant of its motion to intervene was merely a formal version of its objection to the judgment. The motion did not prejudice the Hugheses. In addition, five months of State Farm's 12–month delay in filing the motion was directly attributable to the Hugheses' requests for continuances and failure to appear in court. Based upon the foregoing, we find that State Farm's motion was filed within a reasonable time.

Reversed.

RILEY, J., and BAILEY, J., concur.