**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 26 2012, 9:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFRY G. PRICE**
Peru, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES PATRICK FLINN, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 43A04-1108-PL-455 |
| | ) | |
| COURTNEY SUE FLINN, | ) | |
| | ) | |
| Appellee-Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JAMES ERICK FLINN, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

APPEAL FROM THE KOSCIUSKO CIRCUIT COURT
The Honorable Jerry M. Barr, Senior Judge
Cause No. 43C01-1011-PL-629

**January 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

James Erick Flinn ("Erick") and Courtney Sue Flinn ("Courtney") divorced and agreed to sell their personal property at public auction. Their agreement was entered as an order by the Kosciusko Superior Court ("the dissolution court"). Believing that some of the property was his, Erick's father, James Patrick Flinn ("Patrick"), intervened in the dissolution proceeding and filed a "claim for relief" against Erick and Courtney in the dissolution court. Patrick's claim was not adjudicated before the property was sold. After the sale, Patrick filed a motion to be dismissed from the dissolution proceeding, which the dissolution court granted without prejudice. Patrick then filed a complaint for conversion against Courtney in Kosciusko Circuit Court ("the trial court"). Courtney joined Erick as a third-party defendant and filed a motion for summary judgment against Patrick, which the trial court granted on the basis that Patrick's conversion complaint was a collateral attack on the order issued by the dissolution court.

On appeal, Patrick contends that his conversion complaint was not a collateral attack on the dissolution court's order and thus the trial court erred in granting Courtney's summary judgment motion. We agree with Patrick and therefore reverse and remand for further proceedings.

**Facts and Procedural History**

The relevant facts are undisputed. In July 2010, the dissolution court entered a decree dissolving Erick and Courtney's marriage. Erick and Courtney submitted an agreed entry, in which they stipulated to the following pertinent provisions:

2

5.  The parties are owners of personal property. All personal property of [Erick] and [Courtney] and located upon the premises of [the marital residence] at the time of separation shall be sold at public auction at which the parties may bid for purchase. All equity realized from the sale of personal property shall be divided evenly between the parties after appropriate setoffs as identified in [subsequent paragraphs].

6.  The following items shall be excluded by agreement from the public sale:
    a.  The minor child's furniture and possessions.
    b.  The parties' wedding band and wedding rings.
    c.  All guns in the possession of the parties at the time of filing, which can be shown by appropriate paperwork to be registered in [Erick's] father's name.
    d.  1998 Buick vehicle presently in possession of [Courtney].
    e.  1998 Chevrolet Silverado presently in possession of [Erick].

Appellant's App. at 12-13. The dissolution court approved the agreed entry and entered it as an order in August 2010.

On October 4, 2010, Erick's father, Patrick, filed a petition to intervene in the dissolution proceeding, in which he alleged that he owned "a large number of personal property items … in the marital residence" (including items other than the guns mentioned in the agreed entry) and requested an "opportunity to prove his ownership of the personal property in the marital residence and the value of the same." Appellant's App. at 47. The dissolution court granted Patrick's petition. Patrick then filed a "claim for relief" against Erick and Courtney, in which he requested a judgment determining his "rightful ownership" of the disputed property and requiring Erick and Courtney either to give him the property or "pay a money judgment equal to the value of the same." *Id*. at 50-51. Patrick's claim was not adjudicated before the property was auctioned on November 4, 2010. On November 12, 2010, Patrick filed a motion to dismiss his petition and claim "for the reason that the issues

3

which he sought to present have now been rendered moot since the personal property which he claims to own has now been sold at public auction." *Id*. at 54. The dissolution court granted Patrick's motion to dismiss that same day.

On November 19, 2010, Patrick filed a conversion claim against Courtney in the trial court. On January 20, 2011, Courtney filed a motion to join Erick as a third-party defendant, which the trial court granted. On April 26, 2011, Courtney filed a motion for summary judgment. On May 20, 2011, Patrick filed a response to Courtney's motion. The trial court held a hearing and took the matter under advisement. On August 18, 2011, the trial court issued an order granting Courtney's summary judgment motion, in which it concluded that Patrick's complaint constituted a "collateral attack on the [dissolution court's] Judgment and Order relating to the ownership and thereafter, the disposition, of marital assets which were adjudicated" in the dissolution proceeding. *Id*. at 77. Patrick now appeals.

## Discussion and Decision

Patrick contends that the trial court erred in granting Courtney's motion for summary judgment.

> We review a summary judgment order de novo. Considering only those facts supported by evidence that the parties designated to the trial court, we must determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to a judgment as a matter of law. We construe all factual inferences in the non-moving party's favor and resolve all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

4

*DeHahn v. CSX Transp., Inc.*, 925 N.E.2d 442, 445-46 (Ind. Ct. App. 2010) (citations and quotation marks omitted). "A trial court's findings and conclusions supporting its summary judgment order offer insight into the rationale of the trial court's judgment, but they are not binding upon us. Instead, we will affirm on any theory or basis supported by the designated materials." *Winchell v. Guy*, 857 N.E.2d 1024, 1027 (Ind. Ct. App. 2006) (citation omitted).

We note that Courtney did not submit an appellee's brief.

> In such a situation, we do not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish *prima facie* error. *Prima facie* is defined in this context as "at first sight, on first appearance, or on the face of it." The purpose of this rule is not to benefit the appellant. Rather, it is intended to relieve this court of the burden of controverting the arguments advanced for reversal where that burden rests with the appellee. Where an appellant is unable to meet that burden, we will affirm.

*State Farm Ins. Co. v. Freeman*, 847 N.E.2d 1047, 1048 (Ind. Ct. App. 2006) (citations omitted).

As mentioned earlier, Patrick intervened in the dissolution proceeding after the dissolution court had entered an order incorporating Erick and Courtney's property agreement. We have held that an intervenor "takes the case as he finds it and is not permitted to litigate matters already determined in the case." *State Farm Mut. Auto Ins. Co. v. Hughes*, 808 N.E.2d 112, 116 (Ind. Ct. App. 2004) (citation and quotation marks omitted). Put another way, "the intervention of a party after judgment binds the intervenor to all prior orders and judgments in the case." *Panos v. Perchez*, 546 N.E.2d 1253, 1255 (Ind. Ct. App.

5

1989). "However, an intervenor is not precluded from litigating other issues or claims not already determined by the … court." *State Farm Mut. Auto Ins. Co.*, 808 N.E.2d at 116.

Clearly, the issue of whether Patrick was the actual owner of certain property in Erick and Courtney's marital residence was never determined by the dissolution court. After the property was sold, Patrick filed a motion to be dismissed from the dissolution proceeding, which the dissolution court granted. Patrick correctly observes that, unless otherwise specified in the order of dismissal, a dismissal is without prejudice. Ind. Trial Rule 41(A)(2). Because the dissolution court's order of dismissal did not specify that it was with prejudice, Patrick is not precluded from litigating the ownership of the contested property in another forum. As such, Patrick's conversion complaint does not constitute an impermissible collateral attack on the dissolution court's order. We conclude that Patrick has established prima facie error and therefore reverse the trial court's grant of summary judgment in favor of Courtney and remand for further proceedings.[1]

Reversed and remanded.

MAY, J., and BROWN, J., concur.

---

[1] In her summary judgment motion, Courtney argued that the trial court had no subject matter jurisdiction over Patrick's conversion claim because only the dissolution court had "subject matter jurisdiction over the presumptive marital assets and their distribution." Appellant's App. at 9. This argument misapprehends the question of subject matter jurisdiction, which "entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs." *K.S. v. State*, 849 N.E.2d 538, 542 (Ind. 2006) (citation and quotation marks omitted). There is no question that the trial court in this case has jurisdiction over civil conversion cases. *See* Ind. Code § 33-28-1-2(a) ("All circuit courts have … original and concurrent jurisdiction in all civil cases and in all criminal cases ….").