## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 11 2015, 9:50 am

Kevin S. Smith

**CLERK**
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | APPELLEE PRO SE |
| --- | --- |
| Caroline B. Briggs | Abdullah Alkhalidi |
| Lafayette, Indiana | New Castle Prison |
| | New Castle, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Caroline Briggs, <br> *Appellant-Defendant,* <br><br> v. <br><br> Abdullah Alkhalidi, <br> *Appellee-Plaintiff* | December 11, 2015 <br><br> Court of Appeals Case No. <br> 46A04-1505-PL-358 <br><br> Appeal from the LaPorte Circuit Court <br><br> The Honorable Thomas Alevizos, Judge <br><br> Trial Court Cause No. <br> 46C01-1302-PL-312 |

**Crone, Judge.**

## Case Summary

[1]     Abdullah Alkhalidi filed a malpractice complaint against attorney Caroline

Briggs alleging that she had breached their agreement by failing to file a post-

conviction relief ("PCR") petition on his behalf. He requested reimbursement of $4000 in fees plus $5000 in punitive damages. Briggs allegedly was not served with the complaint and did not file a response. Alkhalidi filed a motion for entry of default. The trial court granted the motion and entered a default judgment against Briggs for $9000.

[2] One month later, Briggs's mother, who is also an attorney, filed a motion to set aside judgment on Briggs's behalf because Briggs was out of town. The trial court denied the motion without a hearing. Almost one year after that, Briggs filed a successive motion alleging additional grounds for relief from the default judgment. The trial court denied the motion without a hearing. Briggs filed a motion to correct error, which the trial court denied except as to the punitive damages award, which it vacated.

[3] On appeal, Briggs contends that the trial court erred in denying her successive motion for relief without a hearing. We disagree and therefore affirm.

## Facts and Procedural History

[4] In March 2011, Alkhalidi wrote a letter to Briggs inquiring about possible legal representation in a PCR proceeding for his murder conviction. Fee negotiations ensued, and Briggs was paid $4000. In February 2013, Alkhalidi filed a malpractice complaint against Briggs alleging that she had breached their agreement by failing to file a PCR petition on his behalf. He requested reimbursement of $4000 in fees plus 8% interest and punitive damages of $5000. Apparently, Alkhalidi did not submit a filing fee with his complaint, and in

March 2013 he filed a motion to proceed in forma pauperis. In May 2013, the trial court issued an order giving Alkhalidi an additional forty-five days to comply, presumably with filing requirements, at the risk of dismissal. On August 1, 2013, the trial court issued an order finding that Alkhalidi's filing fee had been paid in full.[1]

[5] The chronological case summary ("CCS") indicates that "Service with Complaint" was issued to Briggs via certified mail on August 8, 2013, and that "G Ayers" signed a certified mail receipt at Briggs's office address on August 12, 2013. Appellant's App. at 2. On September 16, 2013, Alkhalidi filed a motion for entry of default.[2] On September 25, 2013, the trial court issued an order granting the motion and entering judgment against Briggs for $9000.

---

[1] Briggs claims that she did not receive notice that the complaint and the fee-related documents had been filed. She cites no authority, however, that she was entitled to such notice.

[2] Briggs states that the CCS does not indicate that she was served with a copy of the motion. Indiana Trial Rule 5(A) provides in pertinent part, "No service need be made on parties in default for failure to appear[.]" "[T]he expression 'in default for failure to appear' does not mean that the party has been 'defaulted' (i.e., has been judicially declared to be in default), but merely that he has not yet made an appearance in the prescribed manner." *Cordill v. City of Indianapolis Through Dep't of Parks & Recreation*, 168 Ind. App. 685, 692, 345 N.E.2d 274, 278 (1976), *trans. denied*.

On October 25, 2013, Briggs's mother filed a motion to set aside judgment, presumably pursuant to Indiana Trial Rule 60(B),[3] that reads in relevant part,

> On October 25, 2013, an Order for default judgment was received by the office of Caroline Briggs. Although the envelope is postmarked September 30, 2013, it is crumpled and torn and just received this date. Caroline Briggs is on fall break vacation out of the state and has not seen the entry received today. That to the best of the knowledge of the undersigned, Caroline Briggs had no notice of the filing of this lawsuit; however, Caroline Briggs has discovered multiple problematic issues regarding several client files since the departure of her former assistant, and she has been working very hard to identify and correct those issues including working with a new assistant.
>
> Further, under Trial Rule 75, Tippecanoe County would have been the county of preferred venue, and had Caroline Briggs been

---

[3] Trial Rule 60(B) reads in pertinent part,

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect;
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;
> (5) [applies to cases in which the record fails to show that such party was represented by a guardian or other representative];
> (6) the judgment is void;
> (7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).
>
> The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

aware of this suit, she would have requested a change to
Tippecanoe County as both her office and residence are in
Tippecanoe County.

That the undersigned is the mother of Caroline Briggs and is also
an attorney and is entering this special appearance for Caroline
Briggs until she returns from fall break with her son and can
address these issues herself. That this Motion is being sent at the
first notice that Caroline Briggs had of any proceedings in this
matter.

*Id*. at 18-19.

[7] Alkhalidi did not file a response to the motion, and the trial court did not hold a
hearing on it. On October 29, 2013, the court entered an order denying the
motion, finding that Briggs had waived the venue issue and failed to allege a
meritorious claim or defense. *Id*. at 20. Briggs did not appeal that order.

[8] Nearly one year later, on September 25, 2014, Briggs filed a successive motion
for relief from Alkhalidi's default judgment and for leave to file a counterclaim.
In her motion, she asserted that Alkhalidi's communications with her were
"inconsistent" and "led to confusion"; that she "completed the attorney work
for which she was compensated" and "is owed time spent for which she has yet
to be compensated"; that she was unaware that he had filed the malpractice
complaint until after the default judgment was entered; that her secretary, Gail
Ayers, did not sign the certified mail receipt; that Alkhalidi was not entitled to
punitive damages; and that "a successful result was obtained" in a disciplinary
proceeding that Alkhalidi had filed against her. *Id*. at 24, 27, 29. Briggs

submitted exhibits and affidavits in support of her motion and requested "a hearing to determine the veracity of [Alkhalidi's] damages" pursuant to Trial Rule 55(B).[4] *Id*. at 30.

[9]  Alkhalidi, by counsel, filed a response to Briggs's successive motion. The trial court did not hold a hearing on the motion. In March 2015, the court issued an order denying the motion that reads in relevant part as follows:

> 1. Said motion should be denied on the basis that it is (A) a [successive] motion, (B) provides documentation and argument that through due diligence could have been submitted to this court at the time of the original motion to set aside the Default Judgment on October 29 [sic], 2013, and (C) prejudices Plaintiff in that Plaintiff had retained counsel herein to collect on the Judgment and/or negotiate [sic] settlement in this matter prior to said successive motion being filed.
>
> 2. As with the Defendant's first Trial Rule 60(B) motion, the successive motion does not state which sub-paragraph of Rule 60(B) under which Defendant is seeking relief, but said motion, even if it were not successive, was not submitted within a "reasonable time" as required pursuant to Trial Rule 60(B) subparagraphs (5) (6) (7) and (8); does not present newly discovered evidence that could not have been discovered through due diligence pursuant to sub-paragraph (2).

---

[4] Trial Rule 55(B) states in pertinent part,

> If, in order to enable the court to enter [default] judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required.

*Id*. at 6.

Briggs filed a motion to correct error, which the trial court ultimately granted only as to the punitive damages award, which was vacated. Briggs now appeals.

## Discussion and Decision

Briggs asserts that the trial court erred in denying her successive Trial Rule 60(B) motion. Our supreme court has stated, "'A party may not file repeated TR 60 motions until he either offers a meritorious ground for relief or exhausts himself and the trial court in an effort to do so." *Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332, 338 (Ind. 1983) (quoting *Carvey v. Ind. Nat'l Bank*, 176 Ind. App. 152, 159, 374 N.E.2d 1173, 1177 (1978)). "[E]rror alleged in a second Rule 60(B) motion may be considered in an appeal if the grounds for that additional error were unknown and unknowable to the movant at the time he made the first Rule 60(B) motion." *Id*. The trial court's ruling on a Rule 60(B) motion "is entitled to deference and will be reviewed for abuse of discretion." *State Farm Mut. Ins. Co. v. Hughes*, 808 N.E.2d 112, 116 (Ind. Ct. App. 2004). "The trial court should use its discretion to do what is 'just' in light of the unique facts of each case. However, such discretion should be exercised in light of the disfavor in which default judgments are held. *Id*. (citation omitted).

[12] Briggs first contends that the trial court erred in denying her motion without a hearing pursuant to Trial Rule 60(D).[5] But she cites no authority that a party is entitled to a hearing on a successive Rule 60(B) motion. *Cf.* Ind. Trial Rule 53.4(A) ("No hearing shall be required upon a repetitive motion or upon motions to reconsider orders or rulings upon a motion."). Our supreme court has stated,

> [T]o sanction the repetitive filing of Rule 60(B) motions by a party suffering a default judgment is to encourage defaulted defendants to drag their feet and be dilatory in discovering grounds for setting aside a default judgment. Where the grounds for the Rule 60(B) motion are covered in subparagraphs (1) through (4) of Rule 60(B), the party has up to one year from the date of the entry of default or grant of default judgment to make such motion. Ind. R. Tr. P. 60. We do not wish to encourage defendants to hastily file a Rule 60(B) motion as soon as they discover one ground for relief under the Rule and then take their time about discovering and raising other Rule 60(B) grounds and bombarding the court with more such motions.

*Siebert Oxidermo*, 446 N.E.2d at 338-39.

[13] That is precisely what happened here. Briggs's mother hastily filed a Rule 60(B) motion on Briggs's behalf when she allegedly first received notice of the default judgment and stated that she was entering a special appearance until Briggs returned "from fall break with her son and [could] address these issues

---

[5] Trial Rule 60(D) states, "In passing upon a motion allowed by subdivision (B) of this rule the court shall hear any pertinent evidence, allow new parties to be served with summons, allow discovery, grant relief as provided under Rule 59 or otherwise as permitted by subdivision (B) of this rule."

herself." Appellant's App. at 19. Briggs never addressed those issues, such as by filing an amended motion, and she never appealed the trial court's denial of the original motion or challenged its failure to hold a hearing on it. She then waited almost a year to raise additional Rule 60(B) grounds and burdened the trial court with a second motion. Under the unique facts of this case, we find no abuse of discretion in the trial court's failure to hold a hearing on that motion.

[14] And although the grounds raised in the second motion might have been unknown when the first motion was filed, they were neither unknowable nor undiscoverable. The fact that Briggs was on fall break with her son when her mother filed the first motion is irrelevant. Therefore, we conclude that the trial court did not abuse its discretion in denying the second motion. *See Siebert Oxidermo*, 446 N.E.2d at 338 (finding no error in denial of successive Rule 60(B) motions, where the "additional grounds for relief alleged" therein "were either discoverable at the time the first Rule 60(B) motion was filed" or improper after entry of default judgment). Consequently, we affirm.[6]

[15] Affirmed.

Vaidik, C.J., and Bailey, J., concur.

---

[6] Briggs makes no specific argument regarding her request for leave to file a counterclaim, so we do not address that issue.