ATTORNEY FOR APPELLANT

Gregory A. Schrage
Church Church Hittle & Antrim
Noblesville, Indiana



**FILED**

Jul 09 2015, 6:30 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tom Graziani, | July 9, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 29A02-1502-SC-84 |
| v. | Appeal from the Hamilton Superior Court |
| D&R Construction, | The Honorable Wayne A. Sturtevant, Judge. |
| *Appellee-Plaintiff.* | Cause No. 29D05-1402-SC-1118 |

**Brown, Judge.**

[1] Tom Graziani appeals the denial of his motion to set aside a default judgment in favor of D&R Construction. Graziani raises one issue, which we restate as whether the trial court abused its discretion in denying his motion. We reverse and remand.

*Facts and Procedural History*

[2] In June 2013, D&R Construction gave Graziani a $1,014 written estimate for the removal and replacement of five windows and two nine-foot sliding doors, which Graziani had already purchased. Graziani paid D&R the $1,014 in July 2013, and D&R completed the work in September. In November, D&R sent Graziani an invoice for an additional $4,708. When Graziani refused to pay the invoice, D&R filed an action against him in small claims court in February 2014.

[3] In September 2014, the trial court scheduled a trial for December 8, 2014 at 3:00 p.m. Graziani's counsel withdrew from the case in October, but advised Graziani in writing that his trial was scheduled for December 8, 2014 at 3:30 p.m. in Superior Court 5. On December 8, Graziani, who was planning to represent himself, arrived at the Hamilton County Courthouse at 3:15 p.m. Believing he was fifteen minutes early, he mistakenly checked in at the Courthouse's information desk rather than the court's office and entered the courtroom.

[4] When court ended for the day, court staff approached Graziani, who explained that his trial had been scheduled for 3:30 p.m. Court staff explained that a

default judgment had been issued against him at 3:06 p.m. Graziani immediately filed a motion to set aside the default judgment wherein he explained that his attorney's letter advised him that trial was scheduled for 3:30 p.m. Graziani stated that he had a defense to the claim, but did not specifically set it forth in the motion. The trial court denied the motion without holding a hearing for the following reasons: "[Graziani] did not check in the Court's office prior to the hearing. Matter was set at 3:00 p.m. and heard at 3:06. The Court did not issue the letter that [Graziani] relies upon. [Graziani] did not state his defense." Appellant's Appendix at 8.

[5]     Graziani hired counsel, who, in January 2015, filed a motion for relief from judgment asking the trial court to reconsider its prior order denying Graziani's motion to set aside the default judgment. In this motion, Graziani set forth four defenses. First, he alleged that D&R committed a deceptive act pursuant to Indiana Code § 24-5-0.5-3(b)(12) when it provided an estimate, completed the work, and issued an invoice where the cost exceeded the original estimate by more than ten percent. In addition, D&R did not obtain written permission to exceed the estimate by that amount, the total cost for services was more than $750, and D&R knew or should have known that the cost would exceed the estimate by more than ten percent. *See id.* Second, Graziani alleged that D&R violated Indiana Code § 24-5-11-1, *et seq.* when it failed to provide him with a contract for the home improvements. Third, Graziani alleged that D&R did not complete the work properly as evidenced by the many water leaks in his home. Lastly, D&R has not obtained counsel despite being told by the trial

court that Indiana Small Claims Rule 8(C) requires a corporation to be represented by counsel if the controversy exceeds $500. The trial court denied this motion without a hearing as well. Graziani appeals.

## *Discussion*

[6] At the outset, we note that D&R Construction has failed to file an appellee's brief. In such a case, we need not undertake the burden of developing arguments for the appellee. *Painter v. Painter*, 773 N.E.2d 281, 282 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse the trial court if the appellant establishes prima facie error. *Id.* Prima facie is defined as "at first sight, on first appearance, or on the face of it." *Id.*

[7] The issue is whether the trial court abused its discretion in denying Graziani's motion to set aside a default judgment. A trial court's refusal to set aside a default judgment is entitled to deference and will be reviewed for an abuse of discretion. *State Farm Mut. Auto. Ins. Co. v. Hughes*, 808 N.E.2d 112, 116 (Ind. Ct. App. 2004). The trial court should use its discretion to do what is "just" in light of the unique facts of each case and the disfavor in which default judgments are held. *Id.* A default judgment is an extreme remedy and is available only where a party failed to defend or prosecute a suit. *Id.* It is not a trap to catch unsuspecting litigants. *Id.*

[8] As a small claims court action, this case is governed by the Indiana Small Claims Rules. Ind. Small Claims Rule 1(A). Small Claims Rule 10(C) provides guidance on setting aside default judgments and provides that "[u]pon good

cause shown the court may, within one year after entering its default judgment, vacate such judgment and reschedule the hearing of the original claim." The requirement of "good cause shown" is a broad concept subject to the trial court's sound discretion. *Potts v. Castillo*, 460 N.E.2d 996, 1000 (Ind. Ct. App. 1984). It is a concept we liberally apply to reviewing default judgments. *Id.* at 999.

[9] Here, our review of the evidence reveals that, although the trial began at 3:00 p.m. on December 8, 2014, Graziani's attorney advised Graziani in writing that it was not scheduled to begin until 3:30 p.m. Graziani arrived at the hearing nine minutes after a default judgment was entered against him. He filed a motion to set aside the default judgment that same day.

[10] Based upon these facts, and in light of the material issues of fact accompanying the allegations, the short length of the delay, the lack of prejudice to D&R by the delay, and the defenses raised by Graziani in his motion for relief from judgment, we conclude that Graziani has shown good cause for his failure to attend his 3:00 trial.

## Conclusion

[11] For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

[12] Reversed and remanded.

Crone, J., and Pyle, J., concur.