# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 20 2019, 7:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Wendy Mabry
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Wendy Mabry, <br> *Appellant*, <br><br> v. <br><br> Anthony Jones, <br> *Appellee*. | March 20, 2019 <br><br> Court of Appeals Case No. 18A-JP-711 <br><br> Appeal from the Marion Circuit Court <br><br> The Honorable Marie Kern, Magistrate <br><br> Trial Court Cause No. 49C01-0404-JP-1141 |

**Brown, Judge.**

[1] Wendy Mabry ("Mother"), *pro se*, appeals the trial court's order denying her motion to modify the child support obligation of Anthony Jones ("Father"). Mother raises thirteen issues which we consolidate and restate as whether the court's findings are clearly erroneous. We affirm in part, reverse in part, and remand.

## Facts and Procedural History

[2] Mother and Father have one child together. On October 19, 2006, the court entered a judgment of paternity and support providing that Mother and Father have joint legal custody, that Mother have primary physical custody and Father have parenting time, that Father pay child support of $69 per week, and that both parties provide medical insurance for the child. A child support obligation worksheet ("CSOW") dated October 19, 2006, showed Father's weekly gross income as $440, Mother's weekly gross income as $320, a prior born child or children credit of $95 for Mother, a parenting time credit of $6 for Father, and a recommended support obligation by Father of $69. An entry in the chronological case summary ("CCS") dated March 18, 2013, states the parties have no ability to communicate with each other and awarded legal custody to Mother.[1] On April 30, 2014, the court entered a minute entry stating that Mother had requested a modification of child support, that a twenty percent change would have required an order of $83, that the calculation showed $80,

---

[1] In her appellant's brief, Mother states that Father was first ordered to obtain health insurance for the child in the order dated March 18, 2013.

and that Mother's request was denied. The court's worksheet showed Father's weekly gross income as $610, Mother's weekly gross income as $290, a subsequent child credit of $18.85 for Mother, a prior born child or children credit of $43 for Mother, a health insurance premium credit of $34.66 for Father, a parenting time credit of $7.19 for Father, and a recommended support obligation by Father of $80.

[3] An entry in the CCS dated January 26, 2016, states that Mother filed a motion to modify. On February 15, 2017, the court held a modification hearing. On March 8, 2017, the court entered an Order on Modification of Child Support which provided:

> 1. Father's current order for child support is $69 per week.
>
> 2. Mother is currently unemployed. She has a prior born child who is in college and is 18 years old; Mother is financially responsible for that child. Mother argues she should be given a credit for the legal duty associated with that child of $75 per week, but has provided no evidentiary basis for that number. Mother has a subsequent born child who lives with her.
>
> * * * * *
>
> 4. Father . . . is paid $16.55 per hour and averages 40 hours per week, for a weekly gross income of $662. Father receives some overtime opportunities; for 2016, he earned $2,255.47 in overtime pay.
>
> 5. Father maintains private health insurance on behalf of the minor child, but is not certain of the cost for the child's portion of that premium. The Court has reviewed prior calculations on support and notes that Father was previously given credit for $34.66 as the cost for the child's portion of the health insurance premiums. Based upon the Court's review of Father's current withholdings, the Court

believes this is an appropriate amount to credit Father for payment of that health insurance premium.

* * * * *

7. In addition to providing child support, Father provides in-kind benefits by buying clothes and shoes for the child, providing for haircuts and paying expenses associated with extra-curricular activities.

8. The Court is not including Father's overtime income in the determination of weekly gross income; over the course of 52 weeks, this overtime pay results in an average of $43 per pay period. Given the additional in-kind benefits Father provides, the Court believes it is in the child's best interests not to include that nominal amount in Father's weekly gross income determination, in order to continue to allow Father to have the ability to provide those benefits on the child's behalf.

* * * * *

12. The Court has prepared a CSOW, utilizing the figures as stated above. The recommended support obligation is $82 per week.

13. There must be at least a 20% difference between that child support obligation which Father is currently ordered to pay and that which is recommended by the CSOW. In order for that 20% threshold to be reached, the recommended obligation must be at least $83. Therefore, the Court cannot find that there is at least a 20% deviation between the current order and the recommended obligation under the Court's CSOW.

14. Mother's Petition to Modify Child Support is DENIED.

Appellant's Appendix Volume 2 at 23-24. The court's CSOW shows Father's weekly gross income as $662, Mother's weekly gross income as $290, a subsequent child credit of $18.85 for Mother, a prior born child or children credit of $43 for Mother, a basic child support obligation of $139, a health

insurance premium credit of $34.66 for Father, a parenting time credit of $12.27 for Father, and a recommended support obligation by Father of $82. Mother filed a motion to correct error. Mother appealed and later filed a motion to remand which this court granted. After a hearing, the trial court denied Mother's motion to correct error.

## *Discussion*

[4] Mother, *pro se*, maintains the trial court should have increased Father's child support obligation. A modification order will be set aside if clearly erroneous. *Bogner v. Bogner*, 29 N.E.3d 733, 738 (Ind. 2015). Findings are clearly erroneous when the record contains no facts to support them. *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). We first consider whether the evidence supports the factual findings, and then we consider whether the findings support the judgment. *Menard, Inc. v. Dage-MTI, Inc.*, 726 N.E.2d 1206, 1210 (Ind. 2000), *reh'g denied*. We review a denial of a motion to correct error for abuse of discretion. *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008), *reh'g denied*. *Pro se* litigants are held to the same standard as trained counsel. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

[5] Ind. Code § 31-16-8-1 provides:

> (a) Provisions of an order with respect to child support . . . may be modified or revoked.

> (b) Except as provided in section 2 of this chapter, and subject to subsection (d), modification may be made only:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

(2) upon a showing that:

(A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

(B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

[6] Mother makes a number of claims in her fifty-page appellant's brief. To the extent she does not develop cogent argument or cite to the record, her claims are waived. *See* Ind. Appellate Rule 46(A)(8)(a) (argument must be supported by cogent reasoning and citations to authorities and the record); *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (argument waived for failure to provide cogent argument), *reh'g denied, trans. denied*. We will address Mother's arguments regarding Father's payment of health insurance premiums and the determination of Father's weekly gross income.

[7] Father has not filed an appellee's brief. Thus, we need not undertake the burden of developing arguments for him. *See Graziani v. D & R Const.*, 39 N.E.3d 688, 690 (Ind. Ct. App. 2015). We apply a less stringent standard of review and may reverse if Mother establishes *prima facie* error. *See id. Prima facie* is defined as "at first sight, on first appearance, or on the face of it." *Id.*

With respect to Father's payment of premiums to provide health insurance coverage for the child, Mother claims that she is able to provide insurance through Medicaid at no cost. Ind. Child Support Guideline 7 provides that the court shall order one or both parents to provide health insurance when accessible to the child at a reasonable cost and, with respect to accessibility, states "[t]he court may consider other relevant factors such as provider network, comprehensiveness of covered services and likely continuation of coverage." The Commentary provides in part: "Health insurance coverage should normally be provided by the parent who can obtain the most comprehensive coverage at the least cost. A parent bears the burden of demonstrating to the court the cost of health insurance for the child(ren). A parent shall provide the court with proof of existing public or private health insurance for the child through an employer [or] Medicaid . . . ." Support Guideline 3, E.2. provides that "[t]he weekly cost of health insurance premiums for the child(ren) should be added to the basic obligation whenever either parent actually incurs the premium expense or a portion of such expense." Father testified that he and the child were covered by his health and dental insurance, the earnings statements admitted into evidence show that deductions were made from Father's salary for medical and dental insurance premiums, and Father's December 2016 earnings statement shows deductions for a medical insurance premium of $75.50 and for a dental insurance premium of $10. Mother does not point to the record to show that coverage of the child through Medicaid was preferred under the Support Guidelines. We do not disturb the credit in the court's CSOW to adjust the recommended support obligation to account for

Father's payment of premiums to provide health insurance coverage for the child.

[9] As for the determination of Father's weekly gross income, Mother argues that Father's earnings were $46,869.99 in 2014, $38,583.76 in 2015, and $36,868 in 2016. She maintains that Father's purchases for their child do not constitute in-kind expenses under Ind. Child Support Guideline 3, A.2. and that the types of purchases referenced by the court constitute controlled expenses or other extraordinary expenses. Ind. Child Support Guideline 3, A.1. defines "weekly gross income" as "actual weekly gross income of the parent if employed to full capacity, potential income if unemployed or underemployed, and imputed income based upon 'in-kind' benefits" which "includes, but is not limited to, income from salaries, wages, . . . bonuses, [and] overtime . . . ." Support Guideline 3, A.2. states: "Expense reimbursements or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business should be counted as income if they are significant and reduce personal living expenses. Such payments might include a company car, free housing, or reimbursed meals." The Commentary to Guideline 3A, comment b., provides "[t]here are numerous forms of income that are irregular or nonguaranteed" "[o]vertime, . . . bonuses, . . . voluntary extra work and extra hours worked . . . are all illustrations . . . of such items," and "[c]are should be taken to set support based on dependable income, while at the same time providing children with the support to which they are entitled." Further, Support Guideline 6 provides that a credit should be awarded for the overnights

a child spends with the noncustodial parent. The Commentary provides that controlled expenses are typically paid by the custodial parent and are not transferred or duplicated; such expenses include clothing, school supplies, and personal care; and the cost of elective school activities are optional activities covered by other extraordinary expenses.

[10] The trial court declined to include any of Father's overtime income in his gross income and referenced other purchases which Father made for the child. Father testified that he made purchases for the child including soccer outfits, school clothes, shoes, and haircuts. However, he presented only one receipt dated September 6, 2016, for $104.64 from Dick's Sporting Goods. He did not present proof regarding any regularity of payment for such items or the average amounts he paid for these or similar items or establish that the payments were attributable to expenses or controlled expenses which Mother was required to pay or assumed to have paid. Father is not entitled to a regular credit or reduction of his gross income for these purchases. Moreover, there has not been an increase in Father's support obligation since 2006 when his income was $440 per week. The record reveals that Father's income exceeded his hourly rate for forty hours per week in the years 2014, 2015, and 2016. Father's earnings statement of December 29, 2016, shows that he had a regular pay rate of $16.5561 and year-to-date gross pay of $36,868; his December 30, 2015 earnings statement shows that he had a regular pay rate of $16.05 and year-to-date gross pay of $38,583.76; and his December 31, 2014 earnings statement shows that he had a regular pay rate of $15.55 and year-to-date gross pay of

$46,869.99.[2]  The statements reflect income well in excess of Father's hourly rate for forty hours per week, and the entirety of this income should not be excluded from Father's gross income.

[11]  We conclude that Mother has established *prima facie* error regarding the determination of Father's weekly gross income.  We remand with instructions to determine Father's dependable weekly gross income consistent with this decision without holding another hearing and to enter an appropriate amended child support modification order which makes Father's modified support obligation effective as of the February 2017 modification hearing and determines Father's arrearage and the amount he must pay weekly toward the arrearage.

[12]  Affirmed in part, reversed in part, and remanded.

Bailey, J., and Bradford, J., concur.

---

[2] The statements show earnings divided into line items labeled "Regular," "Holiday," "O/T Halftime," "Shft Prem," and "Vacation," and they show a "Ctrct Sgn Bon" of $2,000 in 2016 and of $1,500 in 2014.