

**FILED**

Dec 20 2023, 10:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

John E. Brengle
Indiana Legal Services, Inc.
New Albany, Indiana

Roderick E. Bohannan
Indiana Legal Services, Inc.
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lacey Ann Murphy,<br>*Appellant*, | December 20, 2023 |
| | Court of Appeals Case No.<br>23A-SC-1614 |
| v. | Appeal from the Floyd Superior<br>Court |
| William Cook,<br>*Appellee*. | The Honorable James B. Hancock,<br>Judge |
| | Trial Court Cause No.<br>22D02-2001-SC-1 |

**Opinion by Judge Brown**
Judges Bailey and May concur.

**Brown, Judge.**

[1] Lacey Ann Murphy appeals the trial court's denial of her Motion to Set Aside Body Attachment. Finding the requirements of Ind. Trial Rule 64(A) were not satisfied and the body attachment was expired, we reverse and remand.

*Facts and Procedural History*

[2] On September 8, 2020, the small claims division of the Floyd Superior Court entered a default judgment against Murphy and Justin Bond and in favor of William Cook in the amount of $800. Cook later filed a motion for proceedings supplemental. On February 18, 2021, the court issued an order that Murphy and Bond appear on March 24, 2021.[1] On March 24, 2021, the court issued a rule to show cause ordering Murphy to appear on April 28, 2021, to show cause for failing to appear on March 24, 2021.[2] On March 30, 2021, the court issued an Amended Rule to Show Cause, which contained a different address for Murphy and Bond, ordering them to appear on April 28, 2021.[3]

[3] On May 6, 2021, the court issued a "Body Attachment." Appellant's Appendix Volume II at 41. The body attachment states: "You are hereby commanded to

---

[1] The address for service on the order was an address in Floyds Knobs, Indiana. An entry on February 18, 2021, in the chronological case summary ("CCS") states with respect to Murphy "Served by Sheriff's Office" and "left and mailed copy." Appellant's Appendix Volume II at 7.

[2] The address for Murphy on the order was the address in Floyds Knobs. An entry on March 29, 2021, in the CCS states with respect to Murphy "Service by Sheriff's Office" and "Left & mailed copy." Appellant's Appendix Volume II at 7.

[3] The address for Murphy and Bond on the amended order was an address on Harvard Drive in Clarksville, Indiana. A March 31, 2021 entry in the CCS states: "Court filed an Amended RTSC due to Def calling with a new address." Appellant's Appendix Volume II at 7. Another March 31, 2021 entry in the CCS states with respect to Murphy "Service by Sheriff's Office" and "Left & mailed copy." *Id*. at 8.

attach the person of Justin Bond . . . ." *Id*. A line is drawn around Murphy's name in the caption.[4] An entry on June 2, 2021, in the CCS indicates a hearing was held on May 26, 2021, and states: "Plaintiff present; defendant present; defendant agrees to pay $200/month beginning 6-21-21 . . . ." *Id*. at 8. An entry on June 25, 2021, in the CCS indicates a hearing was held on June 23, 2021, and states: "Plaintiff fails to appear; defendant appears; plaintiff to request new date and notify defendant." *Id*. at 9. On Friday, January 6, 2023, Murphy was stopped by a sheriff's deputy because her license plate was not visible, the deputy was advised by dispatch that there was an active warrant for a body attachment for Murphy, and the deputy handcuffed Murphy and transported her to the Floyd County Jail where she was held until Monday, January 9, 2023.

[4] On April 4, 2023, Murphy filed a Motion to Set Aside Body Attachment together with exhibits including her affidavit and an incident report from the Floyd County Sheriff's Department. In her motion, Murphy argued that the body attachment and the process by which it was obtained failed to conform with Ind. Trial Rule 64(A) and should be set aside. In particular, she argued the rule to show cause was not served on her personally or by certified mail; the body attachment did not include information sufficient to identify her, expired

---

[4] The appellant's appendix includes two body attachment orders. A line is drawn around Murphy's name in the caption of one of the orders, and a line is drawn around Bond's name in the caption of the other order. Both orders refer to "DOB: 11-21-97" and state: "You are hereby commanded to attach the person of Justin Bond . . . ." Appellant's Appendix Volume II at 32, 41.

180 days after it was issued, failed to include the expiration date, and should have been recalled after she appeared in court; the sheriff did not return the expired body attachment order to the clerk of court as required; and she was arrested and incarcerated on January 6, 2023, based on the invalid and expired body attachment. She further argued:

> Regrettably, the problem of unlawful body attachment writs is not unique to this case. Counsel for Ms. Murphy has located no fewer than twelve additional writs of attachment issued by this Court in small claims cases which failed to show that the writ was to expire 180 days after issuance. In most of these cases, the rule to show cause was not personally served as required by law. A list of these cases is attached hereto as Exhibit D.

*Id.* at 39.

[5] In her attached affidavit, Murphy indicated that the court's February 18, 2021 order and March 24, 2021 rule to show cause were sent to an address in Floyds Knobs and that she never lived at that address. She stated that she did not receive the court's order to appear sent to the Harvard Drive address and that, had she known about the April 28 hearing, she would have appeared in court. Murphy further stated:

> 7. I would not deliberately miss a court hearing I was ordered to attend. In fact, I did come to court as ordered on May 26, 2021, where I made payment arrangements. I was ordered to return to court on June 23, 2021, and did return. Mr. Cook did not appear at that hearing.
>
> 8. At neither hearing was I informed there was a warrant for my arrest dated May 6, 2021.

9.      In fact, I didn't know about the warrant until December of 2022, when I learned that Mr. Cook was trying to garnish my wages. When I asked the clerk about the case, I was given a docket sheet and noticed on it that a "Writ of Attachment for the Body of a Person" was ordered against me back in May of 2021. It should be noted that the name on the Writ is not mine, and the birth date [] is not mine either. I contacted the clerk about the writ, and was told there was no warrant in effect.

10.     On Friday, January 6, 2023, I was pulled over by a sheriff's deputy because he couldn't see my license plate. The deputy told me there was a warrant for my arrest from this court. I was handcuffed and taken to the Floyd County Jail.

11.     I was held in jail for the weekend because, I was told, there had to be a court hearing before I could be released. On Monday morning, January 9, I was released from jail. I went to the clerk's office, but no hearing was set. Nobody seemed to understand why. To this day, I don't know if I could be arrested again on the same warrant.

*Id.* at 43-44.

[6]     On April 6, 2023, the court denied Murphy's Motion to Set Aside Body Attachment.[5] Murphy filed a motion to correct error, the court did not rule on the motion to correct error, and the motion was deemed denied.

---

[5] The court's order did not include any findings or reasons for denying Murphy's motion.

*Discussion*

[7] Murphy maintains the trial court failed to provide the protections mandated by Ind. Trial Rule 64(A) and erred in denying her motion to set aside. She argues the body attachment was invalid because she was not served with a rule to show cause in accordance with Trial Rule 64(A)(2) and the body attachment failed to contain sufficient information to identify her. She asserts that, even if the body attachment had been valid, it should have been recalled when she appeared on May 25, 2021. She further argues the body attachment expired more than a year before she was arrested. She states, "[h]aving spent a weekend in jail on a warrant which had expired fourteen months earlier and for no valid reason, [she] is understandably concerned it could happen again" and "the scope of noncompliance in this court raises concerns that other trial courts in Indiana may not have fully implemented these basic procedural safeguards." Appellant's Brief at 22-23.

[8] We note that Cook has not filed an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing arguments, and we apply a less stringent standard of review, that is, we may reverse if the appellant establishes prima facie error. *Bixler v. Delano*, 185 N.E.3d 875, 877 (Ind. Ct. App. 2022). Prima facie is defined as "at first sight, on first appearance, or on the face of it." *Id.* at 877-878 (citing *Graziani v. D & R Const.*, 39 N.E.3d 688, 690 (Ind. Ct. App. 2015)).

[9] We generally review trial court rulings on motions for relief from judgment and to correct error for an abuse of discretion. *See Speedway SuperAmerica, LLC v.*

*Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008), *reh'g denied*. Ind. Trial Rule 60(B) provides in part that the court may relieve a party from a judgment for the following reasons: "(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings"; "(6) the judgment is void"; "(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application"; or "(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. Trial Rule 60(B).

[10] Ind. Trial Rule 64 governs the seizure of a person or property. Trial Rule 64(A) provides in part:

> (2) The court may issue a writ of attachment, bench warrant, or body attachment if:
>
> (a) a rule to show cause has been issued by the court and served upon the judgment debtor by delivering a copy of the same to the judgment debtor personally. Personal service under this rule includes certified mail signed by the judgment debtor;
>
> (b) if service is not made in open court, the person making service has filed a return or affidavit stating that personal service was made upon the judgment debtor and setting forth the time, place, and manner thereof; and

> (c)    the judgment debtor has failed to appear at the rule to show cause hearing as ordered.
>
> In addition to statutory requirements, the writ of attachment, bench warrant, or body attachment shall contain sufficient information to identify the judgment debtor.
>
>                * * * * *
>
> (4)    Effective September 1, 2020, a writ of attachment for a person expires one hundred eighty (180) days after it is issued and the expiration date shall appear on the face of the writ. A sheriff who has an expired writ of attachment for a person shall make a return on the writ stating it has expired and shall return it to the clerk of the court that issued it. The clerk shall enter the fact that the writ of attachment for a person has expired on the chronological case summary and notify the judgment creditor. The judgment creditor may request the court to issue another writ of attachment for a person as a part of a subsequent proceeding supplemental action. Writs of attachment for a person that are pending on the effective date of this rule will expire on March 1, 2021.[6]

[11]    The record reveals that several of the requirements of Trial Rule 64(A) were not satisfied. Rule 64(A)(2) provides that a court may issue a body attachment if a rule to show cause was issued and served upon the judgment debtor "by delivering a copy of the same to the judgment debtor personally" and that personal service "includes certified mail signed by the judgment debtor." The court issued a rule to show cause on March 24, 2021, which included an address for service in Floyds Knobs, and an amended rule to show cause on

---

[6] Trial Rule 64(A)(4) became effective on September 1, 2020. *See* Order Amending Rules of Trial Procedure, Cause No. 20S-MS-1 (filed October 7, 2020).

March 30, 2021, which included an address for service on Harvard Drive in Clarksville. Entries in the CCS related to both orders state: "Left & mailed copy." Appellant's Appendix Volume II at 7-8. There is no indication that the orders were served by delivering a copy to Murphy personally or that service was made by certified mail signed by Murphy. Further, Rule 64(A)(2) provides a body attachment "shall contain sufficient information to identify the judgment debtor." While the May 6, 2021 body attachment attached to the motion to set aside includes a line drawn around Murphy's name in the caption, the text of the order states: "You are hereby commanded to attach the person of *Justin Bond* . . . ." *Id*. at 41 (emphasis added). Also, the body attachment contains a date of birth, and Murphy states in her affidavit that the date of birth appearing on the order is not her date of birth.

[12] Moreover, the May 6, 2021 body attachment had expired. Rule 64(A)(4) provides that "a writ of attachment for a person expires one hundred eighty (180) days after it is issued" and "the expiration date shall appear on the face of the writ." Here, the body attachment was issued on May 6, 2021, and thus expired 180 days later in November 2021. We observe that no expiration date appears on the face of the May 6, 2021 body attachment as required. Rule 64(A)(4) also provides that "[a] sheriff who has an expired writ of attachment for a person shall make a return on the writ stating it has expired and shall return it to the clerk of the court that issued it" and that the clerk "shall enter the fact that the writ of attachment for a person has expired on the

chronological case summary." There is no indication in the record or CCS that these steps were taken with respect to the expired body attachment.

[13] The record reveals that Murphy was arrested on January 6, 2023, and spent three nights in the Floyd County Jail based on the May 6, 2021 body attachment which had expired over a year earlier. Also, as she notes, Murphy appeared in court on May 26 and June 23, 2021.

[14] Based on the record, we conclude that Murphy has established *prima facie* error. We reverse and remand to the Floyd Superior Court with instructions to grant Murphy's April 4, 2023 Motion to Set Aside Body Attachment. We urge courts to be mindful of the provisions and requirements of Trial Rule 64(A) with respect to issuing a body attachment including the provision that such an attachment for a person expires 180 days after it is issued and the requirement that the expiration date shall appear on the face of the writ.

[15] For the foregoing reasons, we reverse and remand.

[16] Reversed and remanded.

Bailey, J., and May, J. concur.