


FILED

Jul 03 2024, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

James A. Abbott,

*Appellant-Defendant,*

v.

Daniel Wegert and Adela Wegert,

*Appellees-Plaintiffs.*

---

July 3, 2024

Court of Appeals Case No.
23A-EV-3004

Appeal from the
Miami Superior Court

The Honorable
David A. Cox, Senior Judge

Trial Court Cause No.
52D02-2309-EV-542

---

**Opinion by Senior Judge Baker**
Judges Vaidik and Felix concur.

**Baker, Senior Judge.**

## Statement of the Case

Daniel and Adela Wegert filed a small claims eviction action against James A. Abbott, claiming they owned the house in which he was living, but he had refused to execute a lease. In response, Abbott argued he was not a tenant, but was instead buying the house on contract from the same people who had sold the house to the Wegerts. The small claims court found for the Wegerts and issued an order for eviction.

On appeal, Abbott argues the small claims court lacked jurisdiction to resolve the parties' dispute. Concluding Abbott is correct, we reverse and remand with instructions.

## Facts and Procedural History

Robert and Melissa Anderson owned a house at 508 East Third Street in Peru, Indiana. On September 2, 2022, the Andersons executed a "Purchase Agreement" with Robert Anderson's cousin, Abbott. Tr. Vol. 3, p. 5. According to the agreement, Abbott promised to pay the Andersons $78,000, in 120 monthly installments, for the house. He also promised to pay all utilities, insurance, and taxes due. Abbott moved into the house on the day the parties executed the agreement.

On August 31, 2023, the Andersons executed a quitclaim deed to the Wegerts for property at 508 and 510 East Third Street in Peru. The deed stated the

Wegerts provided no monetary consideration, but Daniel Wegert later testified he paid the Andersons $40,000.

In September 2023, the Wegerts filed an eviction case against Abbott. The case was assigned to the Miami Superior Court's small claims docket, and the small claims court held an evidentiary hearing. During the hearing, Daniel Wegert testified Abbott was the Andersons' tenant and claimed he had not heard about Abbott's purchase agreement until after he bought the house. By contrast, Abbott testified he was buying the house on contract and that he had tried to warn the Wegerts that the Andersons could not sell it.

The court issued an order of eviction. In the order, the court acknowledged Abbott claimed to be a purchaser of the property under the purchase agreement. But the court concluded the Wegerts were entitled to possession of the property as "bona fide purchasers." Appellant's App. Vol. 2, p. 8. The court stayed the eviction order pending the adjudication of this appeal.

## Discussion and Decision

Abbott argues the small claims court lacked subject matter jurisdiction over the case because the parties are disputing ownership of the property. The Wegerts have not filed an appellees' brief. "Under such circumstances, we will not develop an argument for the appellees but instead will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error." *Inspire Outdoor Living v. Norris*, 193 N.E.3d 428, 430 (Ind. Ct. App. 2022). "Prima facie is defined as 'at first sight, on first appearance, or on the face of it.'" *Bixler v.*

*Delano*, 185 N.E.3d 875, 877-78 (Ind. Ct. App. 2022) (quoting *Graziani v. D & R Constr.*, 39 N.E.3d 688, 690 (Ind. Ct. App. 2015)).

[8]    "Subject matter jurisdiction is the power of a court to hear and determine cases of a general class to which the proceedings then before the court belong." *Marriage of Thomas v. Smith*, 794 N.E.2d 500, 503 (Ind. Ct. App. 2003), *trans. denied*. "Indiana courts only have jurisdiction to the extent that jurisdiction has been granted to them by the constitution or by statute." *In re Custody of M.B.*, 51 N.E.3d 230, 234 (Ind. 2016). "A judgment entered by a court that lacks subject matter jurisdiction is void and may be attacked at any time." *Marriage of Thomas*, 794 N.E.2d at 503.

[9]    The General Assembly has described the jurisdiction of superior courts' small claims dockets as follows:

> (b) The small claims docket has jurisdiction over the following:
>
> (1) Civil actions in which the amount sought or value of the property sought to be recovered is not more than ten thousand dollars ($10,000). The plaintiff in a statement of claim or the defendant in a counterclaim may waive the excess of any claim that exceeds ten thousand dollars ($10,000) in order to bring it within the jurisdiction of the small claims docket.
>
> (2) Possessory actions between landlord and tenant in which the rent due at the time the action is filed does not exceed ten thousand dollars ($10,000).
>
> (3) Emergency possessory actions between a landlord and tenant under IC 32-31-6.

Ind. Code § 33-29-2-4(b) (2021).

[10] Here, the evidence shows the house is worth more than $10,000. And this is not a possessory action between a landlord and a tenant. Rather, the Wegerts and Abbott dispute who is entitled to ownership of the house, citing competing sale documents. As a result, the parties' dispute falls outside the jurisdiction granted to small claims courts under Indiana Code section 33-29-2-4(b). *See Welch v. 1106 Traub Trust*, 204 N.E.3d 243, 256 (Ind. Ct. App. 2023) (small claims court did not err in transferring case to superior court; plaintiff claimed case concerned eviction of a tenant and back rent, but the parties' contract was more complex than simple lease); *see also Vic's Antiques and Uniques, Inc. v. J. Elra Holdingz, LLC*, 143 N.E.3d 300, 309 (Ind. Ct. App. 2020), (vacating order of possession; parties had a land sale contract, not a lease, so small claims court lacked jurisdiction over dispute), *trans. denied*. The small claims court's order of eviction is void, and the parties' dispute must be resolved by the superior court on its plenary docket. We express no opinion on the merits of the dispute.

## Conclusion

[11] For the reasons stated above, we reverse the judgment of the trial court and remand with instructions to transfer the case to the superior court's plenary docket.

[12] Reversed and remanded with instructions.

Vaidik, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

Bryce Runkle
Peru, Indiana